IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-59,925-01 and WR-59,925-02






EX PARTE ROBERT WAYNE HARRIS









ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS

AND MOTION FOR STAY OF EXECUTION

FROM CAUSE NO. F00-01010-TS IN THE 282ND DISTRICT COURT

DALLAS COUNTY




 Per Curiam. 


O R D E R



 This is a subsequent application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure Article 11.071, § 5, and a motion for a stay
of execution.

 In September 2000, a jury found applicant guilty of the offense of capital murder. The
jury answered the special issues submitted pursuant to Texas Code of Criminal Procedure
Article 37.071, and the trial court, accordingly, set applicant's punishment at death. This
Court affirmed applicant's conviction and sentence on direct appeal. Harris v. State, No.
AP-74,025 (Tex. Crim. App. Feb. 12, 2003)(not designated for publication). Applicant filed
his initial post-conviction application for writ of habeas corpus in the convicting court on
July 1, 2002. This Court denied applicant relief. Ex parte Harris, No. WR-59,925-01 (Tex.
Crim. App. Sept. 15, 2004)(not designated for publication). This, applicant's first subsequent
application, was filed in the trial court on August 27, 2012.

 In his application, applicant raises a claim that the State violated his right to equal
protection in its use of peremptory challenges as set out in Batson v. Kentucky, 486 U.S. 79
(1986). He argues that this Court should address this claim in his subsequent application
because the decision of Miller-El v. Dretke, 545 U.S. 231 (2005), provides a new legal basis. 
Applicant is mistaken, and his allegation fails to meet the dictates of Article 11.071, § 5. 
Accordingly, we dismiss the application as an abuse of the writ without considering the
merits of the claim.

 Alternatively, applicant requests that this Court re-open his initial writ application and
reconsider on our own motion the Batson claim raised there in light of Miller-El. Applicant
has not presented a compelling reason to re-open his initial writ application, and we decline
to do so. Applicant's motion to stay his execution is denied.

 IT IS SO ORDERED THIS THE 5th DAY OF SEPTEMBER, 2012.


Do Not Publish